ASST Election Commercial All rise We have been in a noncesso session Did you... Morning ladies and gentlemen We'll take the cases for oral argument in the order in which they appear on the calendar The first case for oral argument is Picasso vs. Alameda Counsel Good morning your honors If it please the court Leonard Shane for your felons I believe this case falls within parameters of Gordon United States vs. Gordon in that we believe when the police officers testified to the intent of the felons they were effectively instructing the jury on the issue of intent  Deputy Mills to testify the felon intended to shoot the victim Attorney General states that this doesn't necessarily mean an intent to kill We believe it does Counsel didn't the government concede that the response was improper that the testimony was improper Yes So you don't really need to argue that We agree that the testimony was improper Now what The question then is I believe it was a structural error so that the decision by the District Court and the majority of the California District Court of Appeal that the error was harmless would be objectively unreasonable if it was structural error and Gordon holds that if the jury is not allowed to decide material elements of the crime then you do have structural error and as I said earlier we thought we think that the deputies testifying the accused intent effectively did instruct the jury on the issue of the accused intent Case law of course forbids that testimony federal case law but it's all under 704B but as I put in my briefs I believe the reasoning behind the case law indicates that when police officers do testify to a person's intent they're effectively removing the issue from a jury consideration Now when a police officer testifies to a person's intent the jury knows that the police officer is not being paid for the testimony and as the other courts have said the jury would there's too much of a danger that the jury is going to assume the police officers know more than what the jury is being told it's similar to when a court instructs the jury on the elements the jury has to of course abide by the court and the jury has to consider has to feel that the court has special knowledge of the law now in this case you feel the jury would think that the officer has special knowledge of the accused intent based on prior dealings or just expertise in the area and that effectively does remove the issue from a jury consideration the jury instruction in this case did not help the matter as it advises the jury that the experts in this case police officers have special knowledge so it just comes it just actually exacerbated the problem um now as to the question of whether the issue was properly raised in the district court the issue was but you cited the wrong officer in the district court but all through the petition well the petition continuously stated that um it was proceeding on the same ground set forth in the appeal in the state court as well as the petition for review that was at the excerpt of record 588 it says the petition is urged on the same grounds excerpt of record page 593 the petition urged at least one of the the appellant intended to kill and excerpt of record page 594 petition against states is based on the same grounds urged in the state court um so I recognize there was supreme court intervened on cases where um similar issues were raised in the state court but the phrase due process of law was not stated and I recognize supreme court did overrule a number of nine circuit cases on that ground but here the issue was actually raised um the officers got a little mixed up but throughout the petition at least those three areas I just cited in court reiterated that it's urged on the same grounds as urged in the state court now the other thing is the district court did grant the certificate of appealability and did not limit the certificate of appealability to anything other than whether the police officer testimony violated in that case the petitioner's due process rights there's no limitation on what could be appealed as far as the due process argument goes um also the magistrate judge um um did hold the deputy mills testimony was error and deputy mills necessarily testified that he intended to kill because he said it was for the benefit of the gang and actually I would submit on that thank you counsel good morning your honor deputy attorney general Stephanie Miocci on behalf of the respondent the respondent's first argument is that this is not the same claim that he raised below it in fact is a different claim and therefore is not cognizable the claim that he raised below was that deputy mills testified to the ultimate fact related to the gang enhancement the petitioner in this case was charged with attempted murder and in addition a gang enhancement was alleged so below and in the state court of appeal he alleged that the deputy that is deputy mills testified to the ultimate facts related to the gang enhancement here he's arguing that deputy mills testified that petitioner had the intent to kill when he shot at the victim so here he's arguing that he's making an argument in relation to the actual underlying charge itself and not related to the gang enhancement below there was another deputy who testified that was deputy gull and he argued below that deputy gull testified that petitioner had the intent to kill now he concedes that deputy gull in fact never did testify to that and was in fact testifying regarding another gang member so he did not raise this claim below and in addition he did not raise this claim on direct appeal or in the state supreme court so it is not exhausted and therefore we would contend he's not allowed to raise this claim here and now in this appeal is that the end of your argument unless you would like me to reach the I think you should go on to the next issue well if you want to waive your argument that's fine I'll go on to the merits let's talk about the merits a minute then if you're talking about the merits about what he's raising currently which is the issue of deputy mills' testimony regarding intent to kill responded to not concede below that deputy gull before you get to that I want to ask you about the standard of review your opponent suggested that it was structural error assume that we would conclude that it is not what would you suggest that the standard of review is in your brief you say it's brecht is that your position here yes that it would be brecht he's arguing that it's gowden error the supreme court has never has actually held that gowden error is subject to harmless error analysis he cites their case united states vs smart which applied harmless error analysis and as this court knows the types of errors that are subject to structural error we're going to lay aside structural error for the moment assume that's wrong the standard that the state urges us to apply in this case is brecht that's right it's not a standard of review because we're arguing that this claim was never raised before we understand that we assume two things one that it was raised properly and two that there's no structural error then if it's raised properly then you would apply the same standard that you would apply in any habeas case that's properly raised on appeal which is what which would still be reviewing the district courts is there a case in your brief you suggested brecht is that what you're suggesting to us is that what you're asking us to apply here the brecht line of cases well in our brief we assume that it hadn't been raised below and so so when you asked us to apply brecht in the brief it was on the theory that it hadn't been raised below if it hasn't been raised we should apply brecht if it hasn't been raised below you would apply de noble review because there's no district court to refer to okay let's assume it is raised and we say that there is error as the california courts do and the question is is the error harmless right okay how do we determine that you would apply the brecht standard which is substantial injurious effect right that's what I thank you but getting back to my point below we never did concede that deputy mills' testimony regarding intent to kill was error and we would submit that it's not error because deputy mills never did testify that petitioner in this case had an intent to kill he never specifically stated that and I don't think his testimony can be interpreted well he said the crime was committed for this reason well what was the crime the crime was intent to kill I don't think you can interpret his statement as that what was the crime that he said the crime was committed for this reason what crime was that I don't think he actually ever specified the crime but what was it when he told him the crime what was the jury supposed to think what crime whatever crime occurred and what was that was there anything other than that before the jury he was charged with attempted murder but the officer did not say the officer only said that the crime without specifying what that was and so that might have been something like rape or robbery or something it could have been assault with a deadly weapon and this question came from originally from the prosecution it came from the prosecution they talked about the crime I don't believe they talked about the crime in their answer they just said was this crime committed for the benefit and what crime was that the prosecution was asking about they didn't specify they didn't do you have any doubt in your mind what the crime was when the prosecutor talked about the crime and the cop answered I don't necessarily have a doubt that that's what she was referring to but the gist of his testimony or the specifics of his testimony had nothing to do with the intent to kill it had everything to do with whether he had the intent to commit the crime for the benefit of the Little Hill Street gang okay he never said that and even counsel is not contending that he's saying that the officer said that the petitioner intended to kill what he's actually making the argument is that the officer testified that he intended to shoot at the victim and that anybody who intends to shoot at a victim therefore intends to kill the victim and that's not what in fact the officer ever specifically testified to well what is the evidence suppose we were to determine that it was improper based on our reading of the colloquy the questions between the prosecutor and the two detectives that it was improper and we move on and we apply the Brecht standard what's the evidence in the record that would outweigh a determination that the improper question had a substantial and injurious effect on the verdict it kind of depends on whether you're analyzing it according to the intent to kill aspect or the gang enhancement there are two separate issues let's start with the intent to kill issue okay with the intent to kill issue I would say it's harmless because the officer never actually specifically says anything regarding intent to kill so we're back to this question of the crime, the question was and in your opinion was this crime committed by or for the benefit of a criminal street gang this crime it was and was the basis of your opinion that this present crime was committed at the direction of etc then the witness says I believe it was committed for the benefit of the little street little field street gang now the question is when he says I believe this crime was committed for a certain reason is he saying that he believes the crime was committed or is he saying assuming that the crime was committed then I think it was committed for this reason I think that the gist of his testimony is that assuming that a crime is committed that it was committed for the benefit at the direction of etc where do you find in his answer or in the questions anything about assuming that it was committed it's not specifically there I think it's implicit well maybe not implicit in what part of the question and answer do you find it implicit just the fact that he doesn't specifically ever state that I find that he he intentionally shot at the victim intending to kill him and that in and of itself was done for the benefit of at the direction of or in association with a criminal street gang well could you please answer my question with respect to both the intent to kill aspect assuming we interpret this testimony to be testimony on the ultimate issue and the gang rehabilitation enhancement can you answer that sure first in terms of this intent to kill the officer doesn't in my opinion specifically state anything regarding intent to kill and therefore his testimony is somewhat vague what is the evidence that would outweigh well okay the evidence that outweighs just assume we're determining that he doesn't have to expressly say okay get beyond that sure I'm sorry sure the evidence that outweighs is just that the defendant shoots at the victim the victim had to fall to the ground roll off to the side a bullet hole was found basically in line with where the victim was standing which would indicate that he shot at the victim and impliedly intended to kill him counsel below did not in fact if you're talking about the gang enhancement did not really do anything to counter the gang enhancement he didn't submit any evidence regarding the gang enhancement and in fact kind of conceded that the crime had in fact been committed for a gang but that it hadn't been done to kill the victim it was just to terrorize harass etc there was a lot of other testimony that was deemed admissible by the court of appeal in relation to the gang enhancement such as Clayton Carruthers that's the cousin's testimony that the defendant was in fact in the Little Hill gang and that the Little Hill enhancement gang members were at war at that particular time and I believe the officer also testified to that that was considered proper testimony let me ask you you say that the defense theory was that it was done to harass rather than to kill yes that was done in closing argument okay alright anyone have any more questions okay thank you counsel case just argued is submitted next case for oral argument is USP Apple
judges: Browning, Reinhardt, Wardlaw